**Sharon KORMENDI, Plaintiff–Appellant,**

v.

**COMPUTER ASSOCIATES INTERNATIONAL, INC., Defendant–Appellee.**

**Docket No. 04–5715–CV.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2005.

its Pro Forma Income Statement, whether he had considered "the cost of those unpaid health and welfare pension contribution." He replied that "[i]f we could pay them, it would be in [the Pro Forma]." In that same line of questioning, counsel for the Union asked, "you would be withdrawing from the current union, pension fund and health and welfare fund," to which Ferrari responded that "[w]e will not, and we have not, so I would assume that is the case." Counsel for the Union did not follow up on or clarify this answer.

Joseph J. Ranni, Goshen, N.Y., for Plaintiff–Appellant.

Jerome P. Coleman, Nixon Peabody, LLP, New York, N.Y., for Defendant–Appellee.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Sharon Kormendi ("Appellant") brought suit against defendant Computer Associates International, Inc. ("CA") alleging that: (1) CA terminated her employment because of her gender, in violation of federal, state, and local anti-discrimination law, see 42 U.S.C. § 2000e et seq.; N.Y. Executive Law § 296 et seq.; N.Y.C. Admin. Code §§ 8–101 et seq.; and (2) CA failed to pay certain commissions due to her and therefore committed breach of contract, fraud, and a violation of § 191–c of New York State Labor Law. By Report and Recommendation dated December 23, 2003, Magistrate Judge Douglas F. Eaton recommended that CA's motion for summary judgment on Kormendi's Amended Complaint be granted in its entirety and instructed counsel to file any objections to his recommendation on or before January 15, 2004.

Subsequently, by Order dated September 23, 2004, the district court formally granted CA's motion for summary judgment, dismissed Kormendi's Amended Complaint, and denied her cross-motion for summary judgment "in each case substantially for the reasons set forth" in Judge Eaton's Report and Recommendation. The district court also predicated its rulings on two additional, procedural grounds: (1) the district court held that the untimeliness of Kormendi's objections to the Report and Recommendation provided an independent basis for rejecting them and adopting the Report and Recommendation in toto; and (2) the district court held that Kormendi's initial counter-statement of material facts failed to comply with Local Rule 56.1, and—because it refused to consider Kormendi's belated, amended 56.1 statement—the district court accordingly accepted, as true, each of the facts set forth in the defendant's 56.1 statement.

At oral argument, CA asserted that we should affirm the order of the district court on the procedural grounds articulated by the district court. Given that CA's briefs to this Court focused exclusively on the merits of Appellant's claims, we hold that CA has waived its right to advocate for affirmance on procedural grounds. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."), cert. denied, 525 U.S. 1001, 119

S.Ct. 511, 142 L.Ed.2d 424 (1998).[1] We accordingly turn directly to the merits.

Upon our *de novo* review of the record, we find that the district court properly granted summary judgment to the defendant and dismissed Kormendi's Amended Complaint in its entirety. With respect to Appellant's claims of gender discrimination, we believe that Kormendi has failed to demonstrate that CA's asserted reason for terminating her employment—poor performance—was a pretext for gender discrimination. Additionally and just as importantly, Kormendi has failed to adduce any persuasive evidence suggesting that CA's decision to terminate her was also motivated by discriminatory animus. Accordingly, we find that, even when viewing Appellant's evidence in the light most favorable to her, Kormendi cannot demonstrate that CA's reason for terminating her employment was pretextual, nor can she carry her "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against" her on an impermissible discriminatory ground. *Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir.2000) (citation and quotation omitted).

Kormendi's state law claims for breach of contract, a violation of New York Labor Law § 191–c and fraud are similarly lacking in merit, and we affirm the grant of summary judgment on these claims for substantially the same reasons set forth in Magistrate Judge Eaton's carefully prepared Report and Recommendation.

We have considered all of Kormendi's other arguments and conclude that they are lacking in merit. Thus, the judgment of the district court is hereby AFFIRMED.

1. We do note, with respect to the ruling that Kormendi's objections were untimely, that the district court appears to have been mistaken about the date on which Kormendi actually filed her objections to the Report and Recommendation. Item number 63 on the district court docket sheet indicates that the clerk of the court received Appellant's objections not on February 11, 2004, as the district court asserted, but on January 15, 2004—the precise date upon which Magistrate Judge Eaton indicated that objections would be due. *See*

Joint Appendix at vi (docket sheet # 63 indicating that Kormendi's objections were "RECEIVED IN NIGHT BOX ON 1/15/04," not, as Judge Kaplan stated, on February 11, 2004; the latter is simply the date on which they were entered on the docket sheet itself).

